CITY OF SUPERIOR, Appellant, vs. INDUSTRIAL COMMISSION
and another, Respondents.

*March 26—April 13, 1915.*

*Municipal corporations: Power of park commissioners to care for
parts of streets: Statute construed: Death of workman: Com-
pensation: Liability of city: Proper defenses.*

1. Although sec. 925—171a, Stats. (ch. 493, Laws of 1907)—giving
   to park commissioners control over and power to care for that
   part of public streets lying between the curb and sidewalk,—is
   incorporated into the general city charter law (ch. 40a), it is
   nevertheless expressly made applicable to all cities, and sec.
   925—2 of that chapter must be restricted accordingly.
2. A park caretaker who, under the authority of said sec. 925—171a
   and a city ordinance, had been directed by the park commission-
   ers to mow the grass upon that part of a street lying between
   the curb and sidewalk, and who came to his death from an in-
   jury accidentally sustained while so doing, was "performing
   service growing out of and incidental to his employment," with-
   in the meaning of sec. 2394—3, Stats. 1913, and compensation
   was properly awarded to be paid by the city to the widow.
3. It was not improper or unconscionable for the city to defend
   against such claim on the ground that the work being done by
   the deceased was unauthorized and beyond the power of the
   park commissioners or council.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

August Frederick came to his death from a personal injury
he received while in the employ of the appellant as a park
caretaker. He was engaged to work by the administrative
officers in charge of the public parks of the city. He was
mowing grass with a lawn mower outside of the park area
and in that part of the street belonging to private property,
subject to the public easement. It had been customary for
the caretaker to do such work, and the deceased was engaged
therein by direction of the park commissioners. Their gen-
eral jurisdiction under the ordinances of the city was "to

have control and supervision of the public parks of the city."
There was also an ordinance which provided as follows:

"All grass plots or lawns between the sidewalk and the
curb of all newly improved streets . . . are hereby trans-
ferred to and placed under the supervision of the board of
park commissioners. . . . They shall sow grass and keep the
grass cut on such lawns, grass plots, and parkways and main-
tain the same in proper condition. . . . They are hereby
given power and authority to preserve grass plots and park-
ways in proper and sightly condition and to employ suitable
help for that purpose and charge the same to the park fund."

Under such authority the commissioners directed deceased
to mow the grass in the particular place where he was injured.
It was within the field covered by the city ordinance. The
trial court held that the work was within the scope of the
work which the city was authorized to perform under sec.
925—171a of the Statutes, referring thereto thus:

"Sec. 925—171a of the Statutes expressly confers power
to care for such parkings as that on which the deceased was
at work when injured. The statute is not limited to parkings
or paved streets, but applies to all 'public streets.' It ex-
pressly confers upon cities 'jurisdiction and control for park
purposes over that part of public streets lying and being be-
tween the curb and the sidewalk.' The word 'curb' is here
used to designate the line that marks the boundary between
the grass plot and the part of the street that is devoted to
public travel.. It designates the line that checks or holds back
public traffic and keeps it off the grass plot. The conclusion
follows that the city had power to care for the grass plot at
the place where the deceased was injured and that the award
of the *Commission* must be affirmed."

The *Industrial Commission* held that the case was within
the Workmen's Compensation Law and awarded compensation
to the widow of the deceased under such law. The award
was sustained on appeal to the circuit court for Dane county.

For the appellant the cause was submitted on the brief of
*T. L. McIntosh* and *H. V. Gard.* They contended, *inter alia,*

that the work which Frederick was doing was not only un-
authorized, but beyond the power of the park commissioners
or council.   The city does not own the street in the sense that
it could improve it or work it as its own.   *Goodall v. Milwau-
kee,* 5 Wis. 32; *Milwaukee v. M. & B. R. Co.* 7 Wis. 85.
The title of the lotowner extends to the center of the street,
subject to the public use thereof as a street, which is the domi-
nant interest.   *Hundhausen v. Bond,* 36 Wis. 29; *Papworth
v. Milwaukee,* 64 Wis. 389, 25 N. W. 431; *Chase v. Oshkosh,*
81 Wis. 313, 51 N. W. 560; *Andrews v. Youmans,* 78 Wis.
56, 37 N. W. 304.   A public street cannot be used for any
other purpose than for public travel without compensation to
the lotowner.   *Lange v. La Crosse & E. R. Co.* 118 Wis. 558,
95 N. W. 952.   Subject to the state constitution, statutes,
and municipal charters, municipal control over streets is quite
generally limited to maintaining them for the purpose for
which they were established. 3 McQuillin, Mun. Corp. § 1311.

For the respondent *Industrial Commission* there was a
brief by the *Attorney General* and *Winfield W. Gilman,* as-
sistant attorney general, and oral argument by *Mr. Gilman.*
They argued, among other things, that the city had authority
to keep these grass plots mowed.   Laws of 1891, ch. 124,
sec. 35, sub. 30, 55; Laws of 1891, ch. 124, secs. 116, 212;
28 Cyc. 853; 27 Am. & Eng. Ency. of Law (2d ed.) 119;
3 Dillon, Mun. Corp. (5th ed.) § 1150; *Dougherty v. Horse-
heads,* 159 N. Y. 154, 53 N. E. 799; *In re Bushwick Ave.*
48 Barb. 9; *Curran v. Guilfoyle,* 38 App. Div. 82, 55 N. Y.
Supp. 1018; *Cox v. Sammis,* 57 App. Div. 166, 68 N. Y.
Supp. 203; *Murphy v. Peoria,* 119 Ill. 509, 9 N. E. 895;
*Thompson v. Highland Park,* 187 Ill. 265, 58 N. E. 328;
*Dotey v. District of Columbia,* 25 App. D. C. 232; *Martin v.
Williamsport,* 208 Pa. St. 590, 57 Atl. 1063; *Boyd v. Mil-
waukee,* 92 Wis. 456, 466, 66 N. W. 603.   The city had the
authority to construct and maintain boulevards.   Laws of
1891, ch. 124, sec. 93.   The street where the accident hap-

pened was a boulevard. 5 Cyc. 860; 4 Am. & Eng. Ency. of Law (2d ed.) 754; Cent. Dict. tit. "Boulevard;" Webster's New Internat. Dict. tit. "Boulevard;" *West Chicago Park Comm'rs v. Farber,* 171 Ill. 146, 160, 49 N. E. 427; *Howe v. Lowell,* 171 Mass. 575, 581, 51 N. E. 536; *Burridge v. Detroit,* 117 Mich. 557, 76 N. W. 84, 85, 42 L. R. A. 684, 72 Am. St. Rep. 582; *People ex rel. Seaver v. Green,* 52 How. Pr. 440, 445.

For the respondent *Josephine Frederick* there was a brief by *Grace, Hudnall & Fridley,* and oral argument by *George B. Hudnall.* They argued, among other things, that in the absence of any express authority in the charter the council had ample implied power to pass the ordinances in question. *McDonald v. St. Paul,* 82 Minn. 308, 84 N. W. 1022; *Kleopfert v. Minneapolis,* 90 Minn. 158, 95 N. W. 908. The board of park commissioners had the power to and did employ deceased. So far as the city being liable is concerned, it is immaterial whether the board of park commissioners were authorized by either statute or ordinance to set deceased at the work he was engaged in at the time of the injury, provided that work was not expressly prohibited by law or did not involve moral turpitude. *Thomson v. Elton,* 109 Wis. 589, 85 N. W. 425; *Rice v. Ashland Co.* 114 Wis. 130, 89 N. W. 908; *Schneider v. Menasha,* 118 Wis. 298, 95 N. W. 94; *Hitchcock v. Galveston,* 96 U. S. 341, 351; *Salt Lake City v. Hollister,* 118 U. S. 256, 6 Sup. Ct. 1055; *Winfield v. Peeden,* 8 Kan. App. 671, 57 Pac. 131; *Bunker v. Hudson,* 122 Wis. 43, 54, 99 N. W. 448; *Hollman v. Platteville,* 101 Wis. 94, 76 N. W. 1119.

MARSHALL, J. It was perfectly proper for appellant, under advice of its counsel, to defend against the claim of the plaintiff upon any ground which such counsel deemed legitimate. We perceive no evidence of bad faith in the matter or justification for characterizing the defense put forth as

unconscionable.    Whether it be a good defense is quite another question.

It seems to be conceded that if it were competent for the municipality to have done at its expense the work in which deceased was engaged when he was injured, the judgment is right.

The trial court decided the suggested question in respondents' favor on the faith of sec. 925—171a, Stats., which provides that:

"The park commissioners of all cities shall, under the direction of the common council, have the same jurisdiction and control for park purposes over that part of public streets, lying and being between the curb and the sidewalk as such commissioners have over the public parks, and may cause trees to be planted and cared for, and the proper surface to be sodded, planted or otherwise cared for, in the same manner park lands are cared for."

The quoted section was enacted in ch. 493, Laws of 1907. That was an act of general nature as to the cities of the state. So far as incorporation thereof into ch. 40a, which is mainly devoted to the general city charter law, would indicate that it applies specially to cities incorporated under such law or which have adopted such law, sec. 925—2 of such chapter must be regarded as restrained so as not to modify the general power which was granted later and, unmistakably, was made to apply to all cities.

It seems to be conceded that if the foregoing is correct the judgment appealed from is free from infirmity, so we need not consider any other question discussed in the briefs of counsel.

*By the Court.*—The judgment is affirmed.