State ex rel. Gillen v. Braman, 173 Wis. 596.

---

STATE EX REL. GILLEN, Appellant, vs. BRAMAN, Respondent.

*February 11—March 8, 1921.*

*Municipal corporations: Special charter of Milwaukee: General statute not contravening: Failure of common council to confirm appointees: Successive appointments: Eligibility of officers.*

1. Sec. 925—38*b*, Stats. (ch. 493, Laws 1907), declaring that appointments to public office by the mayor in all cities shall be subject to confirmation by the common council, and that a rejected appointee shall be ineligible to appointment to the same office for one year thereafter, applies to the city of Milwaukee, although it has a special charter providing in sec. 14, ch. XX, that no general law contravening its provisions shall be considered as amending or repealing the charter except such purpose be expressly declared, the statute not contra-

vening any of the provisions of the charter. *Superior v. Industrial Comm.* 160 Wis. 541, followed.

2. Where on April 20, 1920, the mayor of the city of Milwaukee appointed the plaintiff to the office of commissioner of public works, which appointment was rejected by the common council on May 3, 1920, the action of the mayor was an appointment under sec. 925—38*b*, Stats., although on April 20, 1920, plaintiff was ineligible to office because within one year previous to that date he had been appointed to the same office by the mayor and had not been confirmed by the council. By the appointment of April 20, 1920, and subsequent rejection plaintiff became ineligible for office under an appointment made July 26, 1920, and confirmed August 2, 1920.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.* .

*Mandamus.* On September 17, 1917, one Fred G. Simmons was commissioner of public works of the city of Milwaukee and *Percy Braman,* the respondent, was deputy commissioner of public works. On that day Fred G. Simmons resigned his office, and thereafter the respondent, as deputy commissioner, performed the duties of the office of commissioner of public works. On April 15, 1918, the mayor of the city of Milwaukee appointed the plaintiff, *William H. Gillen,* to the office of commissioner of public works, which appointment was rejected by the common council on May 6, 1918. The history of the mayor's action and the action of the common council is summarized in the following statement:  .

| Mayor's Action. | Action of Common Council. |
|---|---|
| First appointment, April 18, 1916. | Rejected April 24, 1916. |
| Second appointment, April 15, 1918. | Rejected May 6, 1918. |
| Third appointment, June 30, 1919. | Rejected July 21, 1919. |
| Fourth appointment, April 20, 1920. | Rejected May 3, 1920. |
| Fifth appointment, June 1, 1920. | Confirmed June 28, 1920. |
| Sixth appointment, July 26, 1920. | Confirmed August 2, 1920. |

After the last appointment was confirmed by the council on August 2, 1920, the plaintiff attempted to take possession of and exercise the duties of the office of commissioner of public works. The defendant refused to allow the plaintiff to do so, excluded the plaintiff from the office, and continued to hold the office and to perform its duties. Thereupon the plaintiff applied to the circuit court for Milwaukee county for an alternative writ of *mandamus* commanding the respondent to turn over the office of commissioner of public works to the plaintiff or show cause why he should not do so. The defendant filed a return to the alternative writ, to which the plaintiff demurred. The court overruled the demurrer and quashed the appellant's writ, and from the judgment entered the plaintiff appeals.

For the appellant there was a brief by *Rix & Barney* and *David A. Sondel,* all of Milwaukee, and oral argument by *Mr. Sondel* and *Mr. John M. Barney.*

*E. L. McIntyre* of Milwaukee, for the respondent.

ROSENBERRY, J. Two questions are presented:

First. Does "Sec. 925—38*b*. The appointments to public office by the mayor of all cities shall be subject to confirmation by the common council, unless otherwise provided by law. An appointee to any office rejected by the common council shall be ineligible for appointment to the same office for one year thereafter," apply to the office of commissioner of public works for the city of Milwaukee?

Second. If sec. 925—38*b* is applicable, did the action of the mayor in sending plaintiff's name to the common council April 20, 1920, at a time when the plaintiff was ineligible, amount in law to an appointment under the provisions of sec. 925—38*b*?

Sec. 925—38*b* was enacted by the legislature of 1907 as a part of ch. 493 of the Laws of 1907. There was also created by said ch. 493 sec. 925—171*a*, which provided that "the park commissioners of all cities shall, under the direc-

tion of the common council," etc. In *Superior v. Industrial Comm.* 160 Wis. 541, 152 N. W. 151, it was held that ch. 493 of the Laws of 1907 was an act of general nature as to the cities of the state, and sec. 925—171*a,* therefore, applied to the city of Superior although it operated under a special charter. The plaintiff here urges very strongly that sec. 925—38*b* does not apply to the city of Milwaukee, which operates under a special charter.

The main contention of the plaintiff upon this proposition is that by sec. 14, ch. XX, of the charter of the city of Milwaukee it is provided:

"No general law of this state, contravening the provisions of this act, shall be considered as repealing, amending, or modifying the same, except such purpose be expressly set forth in such law."

Sec. 925—38*b* does not contravene any of the provisions of the charter of the city of Milwaukee. It is a general statute applicable by its terms to all the cities of the state and not in any sense in conflict with the charter of the city of Milwaukee. The decision of this court in *Superior v. Industrial Comm.* 160 Wis. 541, 152 N. W. 151, is decisive upon this branch of this case.

Upon the second proposition little can be said. It is the contention of the plaintiff that the naming by the mayor of a person ineligible to the office is not an appointment within the meaning of sec. 925—38*b,* the act being wholly void. If we were to so construe the statute, we should be obliged, in effect at least, to insert the word "eligible" before the word "appointee." We do not feel that we are warranted in adopting such a construction. It was the apparent purpose of the legislation to prevent occurrences of the kind involved in this action. No limiting words were inserted before the word "appointee." If a person, though ineligible, had in fact been appointed and the appointment confirmed, and he had, without objection, entered upon the duties of his office, there can be no doubt that he would have been at least

a *de facto* officer. If so, he must have been appointed and therefore must have been an appointee. We do not think that the question of whether or not a person is an appointee turns upon the question of his eligibility, but rather upon the fact of his appointment. From this it follows that the plaintiff was not eligible to appointment at the time his appointment was confirmed by the common council August 2, 1920.

*By the Court.*—Judgment affirmed.